UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL PAUL BLASSINGAME,

    Plaintiff,

          v.                         CAUSE NO. 3:20-CV-181-JD-MGG

WICKS, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Michael Paul Blassingame filed a prisoner complaint pursuant to 42 U.S.C. § 1983. (ECF 1 at 1.). "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Blassingame is incarcerated, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Blassingame states that, more than eight years ago, he was arrested and charged with a misdemeanor DUI, which was then enhanced to a D felony due to his prior convictions, and later enhanced to a charge of being a habitual substance offender. Thus, instead of being sentenced up to a year of imprisonment, he was sentenced to eight years of imprisonment. He faults for this misfortune the state court judge who

presided over his case and the prosecutor, both of whom, according to Mr. Blassingame, misapplied the law.

Mr. Blassingame's complaint must be dismissed because he is suing immune defendants. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)); *see also Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). Mr. Blassingame doesn't allege that the presiding judge acted in the clear absence of all jurisdiction. Instead, Mr. Blassingame believes that both the judge and the prosecutor misapplied the law. Such allegation doesn't come close to stripping the judge and the prosecutor of their immunity

Mr. Blassingame's complaint must also be dismissed because the events giving rise to his claim happened more than eight years ago—his sentencing took place in 2012—and the statute of limitations in Indiana for cases brought under § 1983 is two years. *See Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).

Finally, although Mr. Blassingame filed a motion to amend his complaint, the proposed amendments do not cure the complaint. He still intends to sue the judge and

2

the prosecutor and he doesn't allege that any facts to suggest that the statute of limitations is no longer in play. Accordingly, amending the complaint would be futile.

Since Mr. Blassingame is suing the defendants who are immune, and because his complaint is prohibited by the statute of limitations, the Court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 13, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT